UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PIES LONSDALE, Booking No. 25707540, <br><br>                    Plaintiff, <br><br> vs. <br><br> BELINDA ARJIS, CORPORAL DAVIS, FUKUE, SAN DIEGO COUNTY SHERIFF'S OFFICE, <br><br>                    Defendants. | Case No.  25-cv1740-BTM-MMP <br><br> **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** <br><br> [ECF. No. 2] |

## I.  INTRODUCTION

Plaintiff Gabriel Pies Lonsdale ("Plaintiff" or "Lonsdale"), who is detained at the San Diego Central Jail and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). ECF No. 1. In his Complaint, Lonsdale alleges his constitutional rights were violated when Defendants failed to provide him with mental health counseling and denied him a "printout" of voodoo and freemason "lettering" to help him pray. *See id.* at 3. He seeks $400 million in general and punitive damages. *Id.* at 7. For the reasons explained below, the Court **DENIES** Lonsdale's IFP motion and **DISMISSES** this civil action.

## II. IFP MOTION

### A. Legal Standard

Generally, a person filing a civil case such as this one must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). Absent fee payment, the action may proceed only if the filer seeks, and the court grants, leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Lonsdale, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a

---

[1] In addition to the $350 statutory fee, civil plaintiffs must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B.     Discussion**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as public court dockets show Lonsdale is no longer eligible to proceed IFP because while incarcerated, as he has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Lonsdale's prior cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating a court may take judicial notice of its own records in other cases, as well as other courts' records). The following records show Lonsdale, who is also known as "Gabriel Pies-Lonsdale," accumulated three qualifying strikes before he filed this case:

(1)     *Lonsdale v. Gempler, et al.,* Case No. 1:19-cv-01589-WJM-NRN (D.

Col. June 1, 2020) (Report & Recommendation [R&R] to dismiss Third Amended Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) [ECF No. 48]; *Id.*, (D. Col. July 1, 2020) (Order adopting R&R and dismissing case) [ECF No. 49];

(2) *Pies-Lonsdale v. Banachi*, Case No. 3:22-cv-00310-LAB-BLM, 2022 WL 1478510, at *5 (S.D. Cal. May 10, 2022) (Order granting IFP, dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and granting leave to amend) [ECF No. 5]; *id.* (S.D. Cal. Oct. 14, 2022) (Order dismissing civil action for failing to amend and/or prosecute) [ECF No. 9];[2] and

(3) *Pies-Lonsdale v. Lemus*, Case No. 3:22-cv-00309 TWR (JLB), 2023 WL 300188, at *4 (S.D. Cal. Jan. 18, 2023) [ECF No. 18] (Order granting motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and directing Plaintiff to show cause why case should not be dismissed for failure to prosecute); *id.* (S.D. Cal. Feb. 24, 2023) (Order dismissing civil action for failure to prosecute) [ECF No. 19].[3]

Because Lonsdale accumulated these prior qualifying dismissals while incarcerated, he may not proceed IFP unless he meets § 1915(g)'s "imminent danger" exception. To do so, his pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). The alleged danger must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701.

---

[2] *See Harris*, 863 F.3d at 1142 (finding that a failure to amend does "not negate the determination already made by the Court that the complaint [plaintiff] had filed . . . failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

[3] Lonsdale has recently added two additional strikes in *Lonsdale v. Stephan, et al.,* Case No. 3:25-cv-00733-TWR-VET (S.D. Cal. Sept. 8, 2025) (Order dismissing First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) without further leave to amend) [ECF No. 6], and in *Lonsdale v. El Cajon Police Dept., et al.*, Case No. 25-cv-01619-BAS-JLB, 2025 WL 2646163 (S.D. Cal. Sept. 15, 2025) [ECF No. 4] (Order denying IFP as barred by 28 U.S.C. § 1915(g) and dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)), but both these qualifying strike dismissals were entered *after* Lonsdale filed and sought leave to proceed IFP in this case.

Lonsdale's Complaint lacks any plausible allegations that he faced imminent danger of serious physical injury at the time of filing. Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Cervantes*, 493 F.3d at 1056. While Plaintiff states he was twice "skipped" over for mental health counseling sessions, he makes no allegation that he faced imminent physical injury. *See Hernandez v. Williams*, 2021 WL 1317376, at *2 (S.D. Cal. 2021) (stating the imminent danger exception "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm"). Moreover, Plaintiff's allegation he was denied printouts of "voodoo prayers" is insufficient to suggest imminent danger. *See e.g., Uhuru v. Velasquez*, 2021 WL 619768, at *2 (E.D. Cal. 2021) (finding vague allegations related to practice of religion, in-cell worship, denial of outdoor exercise insufficient to meet imminent danger exception). Consequently, Lonsdale does not qualify for a § 1915(g) exception and may not proceed IFP in this case. *See Cervantes*, 493 F.3d at 1055; *Ray*, 31 F.4th at 701.

### III. CONCLUSION

For the reasons explained, the Court: (1) **DENIES** Lonsdale's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action without prejudice based on his failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and (4) **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  November 20, 2025

Hon. Barry Ted Moskowitz
United States District Judge